```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                          NOT FOR PRINT OR
----------------------------------------------------------x   ELECTRONIC PUBLICATION
MAURICE MAYNARD,

                Plaintiff,
                                                      **MEMORANDUM AND ORDER**
        -against-
                                                      11 CV 6046 (CBA)
SOCIAL SECURITY ADMINISTRATION,

                Defendant.
----------------------------------------------------------x
```

AMON, Chief Judge:

On December 9, 2011, plaintiff Maurice Maynard filed this *pro se* action against the Social Security Administration ("SSA" or "the agency") regarding Supplemental Security Income ("SSI") payments. The Court granted Plaintiff's request to proceed *in forma pauperis* by Order dated December 22, 2011 and directed both parties to show cause as to whether the complaint should be dismissed for failure to exhaust administrative remedies. The Court has received submissions from both parties. Having reviewed the submissions, the Court finds that plaintiff has not exhausted his remedies under the Social Security Act, and thus the complaint is dismissed without prejudice.

## BACKGROUND

Although it is difficult to comprehend Plaintiff's initial hand-written Complaint and additional submissions, it appears that Plaintiff seeks the retroactive payment to him of SSI payments from November 1, 2006 to January 1, 2011. (Complaint ("Compl.") at 1.) The Court's December 22, 2011 Order directed both plaintiff and defendant to show cause as to whether the complaint should be dismissed for failure to exhaust administrative remedies. Plaintiff submitted responses dated January 12, 2012, January 24, 2012, and May 2, 2012, along with an undated letter that was received on March 2, 2012. The United States Attorney's Office

appeared on behalf of defendant and submitted a response on February 10, 2012, accompanied by a Declaration of Deputy Assistant Regional Commissioner Bryant Wilder and exhibits from plaintiff's SSA record.

The SSI program provides for financial assistance to disabled individuals who meet specific resource and income levels. See 42 U.S.C. §§ 1381a, 1382(a). Eligible individuals may receive monthly payments, which are calculated by the SSA on the basis of an individual's personal and financial situation. See 42 U.S.C. § 1382(c)(1); 20 C.F.R. § 416.420. Plaintiff was initially found eligible for SSI benefits based on an application filed on June 7, 2002. (Declaration of Bryant Wilder dated February 10, 2012 ("Wilder Decl.") ¶ 1.) Under the Social Security Act, residence in an institution can affect eligibility for SSI benefits and the benefit amount. 42 U.S.C. § 1382(e)(1); 20 C.F.R. §§ 416.201, 416.211, 416.212. By letter dated October 11, 2006, plaintiff was informed that his benefits would be suspended, effective November 1, 2006, because he was a patient at a public institution. (Wilder Decl. ¶ 2, Ex. 1.)

Plaintiff filed a new application for benefits on August 2, 2007 (effective date July 6, 2007), which was denied on December 5, 2007, because plaintiff did not take the required medical examination. (Wilder Decl. ¶¶ 4-5, Exs. 2, 4.) On June 26, 2008 (effective date March 25, 2008), plaintiff's sister Launa Maynard filed a new application on plaintiff's behalf and asked to be named plaintiff's representative payee. (Wilder Decl. ¶ 6, Ex. 5.) According to the application, plaintiff was living at an institution at the time the application was filed. (Wilder Decl., Exs. 5, 7.) On July 1, 2008, plaintiff requested a hearing before an Administrative Law Judge on the August 2, 2007 application which he had filed himself. (Wilder Decl. ¶ 7, Ex. 8.) On September 16, 2008, the SSA granted benefits on the basis of the March 25, 2008 application

filed by plaintiff's sister, with an eligibility date of March 29, 2008. (Wilder Decl. ¶ 8, Exs. 9, 10.) The benefit amount was limited on the basis of plaintiff's residence in an institution. (Id.) On April 8, 2009, the ALJ found plaintiff to be disabled as of April 29, 2006, and determined that SSI benefits should be paid to his sister. (Wilder Decl. ¶ 9, Ex. 11.) In February 2010, plaintiff's SSI payments were stopped because he was again residing in an institution. (Wilder Decl. ¶ 10; Exs. 12, 13.) Plaintiff was notified of his right to appeal. (Id.)

On January 19, 2011, plaintiff filed a new application for SSI. (Wilder Decl. ¶ 12; Ex. 14.) The application indicated that plaintiff was again living in an institution, but that he expected that situation to change. (Id.) By Notice dated March 2, 2011, the SSA notified plaintiff that he had again been found eligible for benefits. (Wilder Decl. ¶ 13; Ex. 15.) By letter dated April 28, 2011, plaintiff was told to appear on May 9, 2011 at his local SSA office to present bank statements. (Wilder Decl. ¶ 14; Ex. 17.) The notice informed plaintiff that he could reschedule his appointment, but that if he did not respond to this request for information, or contact SSA within 30 days to explain why he had not responded to the request, his SSI might be stopped. (Id.) Plaintiff received another letter, dated September 12, 2011, informing him that he must appear in order to keep his SSI payments and giving him a new appointment date of September 21, 2011. (Compl., Ex. 2; Wilder Decl. ¶ 15; Ex. 18.) On September 29, 2011, SSA sent a Notice of Planned Action indicating that his payments would stop in November 2011 because he had failed to appear and provide the requested information. (Compl., Ex. 1; Wilder Decl. ¶ 16; Ex. 19.) The Notice also indicated that plaintiff could appeal the decision within 60 days of receipt of the letter. (Id.) In a letter dated November 21, 2011, SSA again requested information from plaintiff so that it could make sure he was still eligible for SSI and asked that

plaintiff visit the local Social Security field office by December 16, 2011. (Wilder Decl. ¶ 19; Ex. 20.)

Plaintiff attached the September 12, 2011 and September 29, 2011 letters to his complaint. (Compl., Exs. 1, 2.) He did not allege that he appeared at any of the appointments or made any attempt to appeal the recent determinations of his eligibility or the suspension of his benefits. His complaint asks this Court to award past SSI benefits for the entire period from November 1, 2006 to January 1, 2011, and requests "a bench or jury trial ruling allowing SSI payments to continue during hospital visits." (Compl. at 1.) The complaint also refers to an earlier case in this Court, Colonel Maurice Maynard Meyers v. Social Security Administration, No. 09-CV-2701 (CBA), slip op. (E.D.N.Y. October 30, 2009) (dismissed for lack of subject matter jurisdiction), and alleges that he was threatened by "Social Security special agents to repeat what they did before." (Compl. at 2.) The instant complaint also seeks "punitive damages of $5 million." (Id.) Plaintiff concludes: "After receiving judgment – if in favor of plaintiff[,] plaintiff no longer wants to receive SSI . . . . [Plaintiff] does not want to deal or needs to deal with SSA special agents." (Id.)

In two supplemental submissions dated January 12, 2012 and January 24, 2012, plaintiff alleges that his sister called 9-1-1 and caused him to be taken involuntarily to Woodhull Medical Center. (Jan. 12, 2012 submission at 2; Jan. 18, 2012 submission at 2.) He further alleges that she forced him to sign a payee application form under duress when he needed her in order to get discharged from Woodhull Hospital. (Id.) He further alleges that he called the SSA office in an attempt to prevent his sister from being named payee. (Id.) He states that he never received notice from SSA that anyone else had been named as his payee. (Id. at 2.) He alleges: "Launa

started to collect my checks and she gave me none of [the] money. I have lived on food stamps and some money from my mother." (Jan. 12, 2012 submission at 3.)

Plaintiff's May 2, 2012 submission contains an illegible cover sheet and an April 25, 2012 letter from the SSA stating that plaintiff is "eligible for [SSI] payments effective November 2011" since he furnished the SSA with the information previously requested. (May 2, 2012 submission at 2.) The SSA notice informs plaintiff that he will receive back payments of $2898.04 for the period November 2011 through April 2012, which will be paid in installments, and will also receive continuing SSI disbursements into the future. (Id. at 3.) The notice again informs plaintiff of his right to appeal if he disagrees with any decisions contained in the letter. (Id. at 6.)

## DISCUSSION

The Social Security Act includes provision for federal court review of final decisions of the Commissioner of Social Security regarding determinations of an individual's eligibility for disability benefits, as codified in 42 U.S.C. § 405(g) and § 1383(c)(3). An applicant must exhaust the remedies available through the agency before filing suit in federal court. Weinberger v. Salfi, 422 U.S. 749, 765 (1975) ("Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.") Accordingly, district court review may occur only "after any final decision of the Commissioner made after a hearing to which [the claimant] was a party." 42 U.S.C. § 405(g); see also Matthews v. Chater, 891 F. Supp. 186, 188 (S.D.N.Y.1995) ("It is well settled that . . . judicial review of Social Security benefit determinations is limited to 'final' decisions of the

5

Commissioner made after a hearing, that available administrative procedures must be exhausted and that a final decision is a prerequisite for subject matter jurisdiction in the District Court.") (citing, inter alia, Califano v. Sanders, 430 U.S. 99 (1977)). In certain limited circumstances, failure to exhaust may be excused, such as "where the plaintiffs' legal claims are collateral to their demand for benefits, where exhaustion would be a pro forma or futile gesture, or where the harm suffered in the interim would be irreparable." Smith v. Schweiker, 709 F.2d 777, 780 (2d Cir. 1983); see Abbey v. Sullivan, 978 F.2d 37, 44 (2d Cir. 1992). However, in all other cases, a federal district court may not hear a claim brought against the Social Security Administration prior to a final decision of the Commissioner. See Smith, 709 F.2d at 779; Louis v. Commissioner of Social Sec., 2010 WL 743939, at *3 (S.D.N.Y. 2010); Muniz v. Astrue, 2007 WL 4591259, at *1 (E.D.N.Y. 2007) ("[W]here a claimant has not received a 'final decision' from the Commissioner, his claim for benefits is unexhausted and a federal district court is without subject matter jurisdiction to review it."); Mathews v. Chater, 891 F. Supp. 186, 189 (S.D.N.Y. 1995) (noting the "general rule requiring the claimant to obtain a final decision from the Commissioner and to exhaust the administrative remedies provided by the Commissioner before this Court has jurisdiction over the matter").

In this case, plaintiff has not exhausted the administrative review process. It appears that on three occasions the SSA has suspended his benefits, effective November 1, 2006, February 1, 2010, and November 1, 2011. Each time, plaintiff was notified of his right to appeal. There is no indication in the record that plaintiff made any effort to appeal these decisions through the agency process—although plaintiff's May 2, 2012 submission indicates that the November 2011 suspension was eventually resolved in his favor. In any event, because plaintiff did not appeal any of the SSA determinations related to his benefits, there is no "final decision" made after a

hearing, as required for judicial review under 42 U.S.C. § 405(g). Given that this is a simple dispute over benefit payments, there is no basis to waive the exhaustion requirement, and the complaint must be dismissed. See Mathews, 891 F. Supp. at 188-89.

Plaintiff's recourse, should he want to receive SSI benefits, is to file a request for reconsideration with the SSA. 20 C.F.R. §§ 416.1336(b), 416.1404. Although his request may now be untimely, he may still be able to request an extension of time to file his request, or show good cause for failing to file his request on time. 20 C.F.R. §§ 416.1409, 416.1411. He may also request to reopen his case for any reason within one year of the initial determination, or after an even longer period under certain circumstances. 20 C.F.R. §§ 416.1487-1489.

There is no other basis for the Court's jurisdiction over plaintiff's request for $5 million in punitive damages. The Social Security Act limits claims arising under the Act to 42 U.S.C. § 405(g). The Act does not confer a private cause of action against the agency for money damages. See Schweiker v. Chilicky, 487 U.S. 412, 424-25 (1988); Maloney v. Social Security Administration, et. al., 02-CV-1725(JFB), 2006 WL 1720399, at *9 (June 19, 2006), aff'd 517 F.3d 70 (2d Cir. 2008). Plaintiff's failure to exhaust his remedies within the SSA is thus fatal to his claims.

## CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has not exhausted his remedies within the Social Security Administration, and his complaint seeking review of his SSI payments must be dismissed without prejudice to refiling if the Commissioner renders a final decision adverse to plaintiff. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____/s/_____
CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
       June 19, 2012

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MAURICE MAYNARD,

               Plaintiff,

   -against-

SOCIAL SECURITY ADMINISTRATION,

               Defendant.
-------------------------------------------------------------x

**CIVIL JUDGMENT**

11 CV 6046 (CBA)

Pursuant to the memorandum and order issued _____ by the Honorable Carol Bagley Amon, United States District Judge, dismissing this action without prejudice, it is

**ORDERED, ADJUDGED AND DECREED**:  That the above-entitled civil action is hereby dismissed without prejudice.

_____
CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
         , 2012

9