UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MAURICE MAYNARD,

                Plaintiff,

- against -

SOCIAL SECURITY ADMINISTRATION,

                Defendant.
------------------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION
**MEMORANDUM & ORDER**
11-CV-06046 (CBA)

AMON, Chief United States District Judge.

On December 9, 2011, petitioner Maurice Maynard filed the instant pro se action against the Social Security Administration ("SSA") regarding Supplemental Security Income ("SSI") payments. By Order dated June 19, 2012, this Court dismissed the action without prejudice and entered judgment on June 21, 2012. (DE #13, #14.) On September 26, 2012, Maynard filed a "Motion to Reconsider," which the Court denied on October 31, 2012. (DE #15, #17.) On May 8, 2013, Maynard filed an "Order to Show Cause." (Docket Entry #20.) The Court construes this submission as a second request for reconsideration, which it denies.

## DISCUSSION

Maynard's May 8, 2013 submission states that "Plaintiff comes now to recover lump sum payments from Social Security Administration. No printed guidelines exist in administrative procedure to file for recovery of SSI." (Mot. at 1.) It further states that "Plaintiff is agreeing to file in an administrative procedure through the Social Security Administration, although no clear procedure exists in writing about recovery of past supplemental security income payments." (Mot. at 1-2.) Maynard asks the United States Attorney to contact the Commissioner of Social Security "to clarify the procedure to collect back lump sum or social security payments." (Mot. at 2.)

The standard for granting a motion to reconsider under either Rule 60(b) of the Federal Rules of Civil Procedure or Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York is a strict one. Indeed, a district court will generally deny reconsideration unless the moving party can point to either "controlling decisions or data that the court overlooked – matters that might reasonably be expected to alter the conclusion reached by the court." Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (internal quotation marks omitted).

Maynard's May 8, 2013 submission fails to allege any controlling legal arguments or facts that this Court overlooked. As the Court previously explained in its June 19, 2012 and October 31, 2012 Orders, this Court cannot review Maynard's request for SSI benefits until he has exhausted his remedies available through the SSA. See Weinberger v. Salfi, 422 U.S. 749, 765 (1975). Maynard still has not shown that he has met the exhaustion requirement, and thus the Court continues to have no "final decision" to review. See 42 U.S.C. § 405(g) (requiring a "final decision of the Commissioner made after a hearing to which [the claimant] was a party"); Matthews v. Chater, 891 F. Supp. 186, 188 (S.D.N.Y. 1995) ("It is well settled that . . . judicial review of Social Security benefit determinations is limited to 'final' decisions of the Commissioner made after a hearing, that available administrative procedures must be exhausted and that a final decision is a prerequisite for subject matter jurisdiction in the District Court.") (citing, inter alia, Califano v. Sanders, 430 U.S. 99 (1977)). Although, as this Court noted in its earlier Orders, failure to exhaust can in certain limited circumstances be excused, the Court has already determined that no such basis for waiving the exhaustion requirements exists here, and Maynard has not articulated any reason to revisit that determination.

## CONCLUSION

For the foregoing reasons, Maynard's second motion for reconsideration is denied. As the Court previously explained and Maynard has acknowledged, his recourse, should he want to receive SSI benefits, is to file a request for reconsideration with the SSA. 20 C.F.R. §§ 416.1336(b), 416.1404. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July 11, 2013

/S/ Chief Judge Carol B. Amon
Carol Bagley Amon
Chief United States District Judge